# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARTHUR J. ANDERSON,

                      Plaintiff,

v.                                        Case No. 20-CV-1376-JPS

ELIZABETH R. CONSTABLE,

                      Defendant.                           **ORDER**

Plaintiff Arthur Anderson, an inmate, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the defendant violated his civil rights. This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and motion to waive payment of his initial partial filing fee, as well as screens his complaint.

This case was previously assigned to Magistrate Judge William E. Duffin. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this order.

**1. MOTION TO WAIVE THE INITIAL PARTIAL FILING FEE AND MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner-plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 16, 2020, Magistrate Judge Duffin ordered Plaintiff to pay an initial partial filing fee of $5.53. (Docket #7). In response, Plaintiff filed a motion to waive the initial partial filing fee. (Docket #8). Plaintiff explains that he doesn't have any money in his account, and he doesn't foresee any money coming in the future. (*Id.*) The Court has reviewed his trust account statement, (Docket #5), and it shows that the money deposited into his account in March 2020 went mostly towards medical bills. Accordingly, the Court will grant Plaintiff's motion to waive the initial partial filing fee (Docket #8) and his motion for leave to proceed without prepayment of the filing fee (Docket #2). Plaintiff is excused from paying the *initial* partial filing fee, but he must still pay the filing fee in full over time in the manner explained at the end of this order.

**2.    SCREENING THE COMPLAINT**

**2.1    Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

### 2.2 Plaintiff's Allegations

Plaintiff is incarcerated at the Langlade County Jail. (Docket #1). Defendant Elizabeth Constable ("Constable") is the prosecutor in Plaintiff's on-going state court criminal case (2017CF000240). (*Id.* at 2). According to the complaint, Constable "is friends with the defendant in [Plaintiff's] criminal case." (*Id.*) Constable allegedly "admitted it" to Plaintiff and his family. (*Id.*) Plaintiff states that his criminal case has been going on for over three years and every time he rejects a plea agreement, Constable "puts off the next court date 6 to 8 months." (*Id.*) Plaintiff believes that Constable is prosecuting him "to try to help her friend." (*Id.* at 3). He explains that the first two lawyers he had "did absolutely nothing" in his case and that he believes Constable "had an influence on them." (*Id.*) For relief, Plaintiff asks

that Constable "be held responsible for her actions." (*Id*. at 4). He also wants his case "looked at" and he wants the witnesses "spoken to." (*Id*.)

**2.3** **Analysis**

Prosecutors enjoy absolute immunity from suit for any conduct taken in the course of initiating or pursuing a criminal prosecution because such conduct is "intimately associated with the judicial phase of the criminal process." *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)); *see also Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016). "[I]n initiating a prosecution…the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431. Plaintiff alleges that Constable pressed criminal charges against him, allegedly to help her friend. Constable is entitled to absolute immunity for her decision to initiate a criminal prosecution against Plaintiff.

That issue aside, this Court also cannot give Plaintiff the relief he seeks. This Court can neither "hold Constable responsible for her actions" nor can it order that his criminal case be "looked at." A federal district court can order an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff, *see* 28 U.S.C. § 1361, but it has no general mandamus jurisdiction to compel action by state officials, *see Jones v. Burris*, 825 F. Supp. 860, 861 (N.D. Ill. 1993) and *Mlaska v. Wexford Health Sources*, No. 16-CV-584-SMY, 2016 WL 4154914, at *2 (S.D. Ill. Aug. 5, 2016). If Plaintiff wants a court order instructing state actors to look into his state court criminal case, he must pursue that in state court. The Court will dismiss this case for failure to state a claim upon which relief can be granted.

### 3. CONCLUSION

In sum, Plaintiff has failed to allege facts that state a claim. Thus, Plaintiff's case will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to waive the initial partial filing fee (Docket #8) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket # 2) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge